**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RIVERA, et al.,<br>Plaintiffs & Counterdefendants,<br>v.<br>MARICELA VALLEJO DE SANCHEZ,<br>Defendant & Counterclaimant. | CV 24-11218 PA (CTSx)<br>AMENDED JUDGMENT |

Pursuant to the Court's Findings of Fact and Conclusions of Law issued on August 11, 2026, and the Court's October 19, 2026 Order granting the Motion to Amend or Alter the Judgment filed by Plaintiffs and Counterdefendants Pedro Rivera, Cintas Acuario, Inc. and Ayana Musical, Inc. ("Plaintiffs"), and denying the Motion to Amend or Make Additional Findings and Conclusions and to Alter or Amend Judgment filed by Defendant and Counterclaimant Maricela Vallejo de Sanchez ("Defendant"), the Court issues an Amended Judgment as to the claims for declaratory relief filed by Plaintiffs and Defendant as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The June 6, 2022 Notice of Termination for the sound recordings "Raymundo Chaidez," "Manuel Olazabal," "Corrido Del Monano," "Lucio Villareal," "Chuy Luna,"

"Silvestre Murillo," "Jose Heredia," "La Fuga De Salome," "Candido Rodriguez," "La Venganza Del Serapio," "El Corrido Del Quitillo," "Tomas Campos," and "Dinastia De Los Ochoa," with a grant date of August 15, 1989 and an effective termination date of December 31, 2024, is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights granted to Plaintiffs pursuant to the 1989 Agreement reverted to Defendant as of the effective date because:

a. The grant date for these sound recordings is August 15, 1989;

b. The effective termination window is between August 15, 2024 and August 15, 2029;

c. The Notice of Termination was served on June 6, 2022, a date that is not less than two and not more than ten years from the effective termination date;

d. The effective termination date of December 31, 2024 is within the applicable five-year termination window; and

e. The Notice of Termination references the correct grant date of August 15, 1989.[1/]

2. The November 17, 2023 Notice of Termination for the sound recordings on the album *El Gallo De Sinaloa,* with an effective termination date of December 31, 2025, is valid based on prior agreement of the parties not to dispute the Notice of Termination regarding this album, and accordingly, all rights to the sound recordings on the album *El Gallo De Sinaloa* granted to Plaintiffs pursuant to the 1992 Agreement reverted to Defendant as of the effective date.

3. The October 15, 2024 Notice of Termination for the sound recordings on the album *Corridos Villistas,* with a grant date of May 7, 1992 and effective termination date of December 31, 2026, is invalid because:

---

[1/] Any defined terms used in this Judgment refer to the meaning established in the Court's Findings of Fact and Conclusions of Law. (Docket No. 125.)

a. Based on the grant date of May 7, 1992, the effective termination window is between May 7, 2027 and May 7, 2032; and

b. The effective termination date of December 31, 2026 is not within the applicable five-year termination window.

This Notice of Termination must be replaced by a notice complying with 17 U.S.C. § 203 and 37 C.F.R. § 201.10. Upon the effective date of a valid notice, all rights granted to Plaintiffs pursuant to the 1992 Agreement revert to Defendant.

4. The December 10, 2024 Notice of Termination for the sound recordings on the album *Al Estilo Norteño,* with a grant date of May 7, 1992 and effective termination date of December 31, 2026, is invalid because:

a. Based on the grant date of May 7, 1992, the effective termination window is between May 7, 2027 and May 7, 2032; and

b. The effective termination date of December 31, 2026 is not within the applicable five-year termination window.

This Notice of Termination must be replaced by a notice complying with 17 U.S.C. § 203 and 37 C.F.R. § 201.10. Upon the effective date of a valid notice, all rights granted to Plaintiffs pursuant to the 1992 Agreement revert to Defendant.

5. The February 24, 2025 Notice of Termination for the sound recordings on the album *Chalino, El Indio Y Lupillo*, with a grant date of May 7, 1992 and an effective termination date of December 31, 2027, is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights conveyed to Plaintiffs pursuant to the 1992 Agreement revert to Defendant as of the effective date because:

a. The effective termination window is between May 7, 2027 and May 7, 2032;

b. The Notice of Termination was served on February 24, 2025, a date that is not less than two and not more than ten years from the effective termination date;

c. The effective termination date of December 31, 2027 is within the applicable five-year termination window; and

d. The Notice of Termination references the correct grant date of May 7, 1992.

6. The February 24, 2025 Notice of Termination for the sound recordings on the album *En Vivo Desde El Farallon*, with a grant date of May 7, 1992 and an effective termination date of December 31, 2027, is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights conveyed to Plaintiffs pursuant to the 1992 Agreement revert to Defendant as of the effective date because:

a. The effective termination window is between May 7, 2027 and May 7, 2032;

b. The Notice of Termination was served on February 24, 2025, a date that is not less than two and not more than ten years from the effective termination date;

c. The effective termination date of December 31, 2027 is within the applicable five-year termination window; and

d. The Notice of Termination references the correct grant date of May 7, 1992.

7. The February 24, 2025 Notice of Termination for the sound recording "El Corrido Del Melon", with a grant date of May 7, 1992 and an effective termination date of December 31, 2027, is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights conveyed to Plaintiffs pursuant to the 1992 Agreement revert to Defendant as of the effective date because:

a. The effective termination window is between May 7, 2027 and May 7, 2032;

b. The Notice of Termination was served on February 24, 2025, a date that is not less than two and not more than ten years from the effective termination date;

c. The effective termination date of December 31, 2027 is within the applicable five-year termination window; and

d. The Notice of Termination references the correct grant date of May 7, 1992.

8. The February 24, 2025 Notice of Termination for the sound recording "Chuyita Beltran", with a grant date of May 7, 1992 and an effective termination date of December 31, 2027, is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights conveyed to Plaintiffs pursuant to the 1992 Agreement revert to Defendant as of the effective date because:

a. The effective termination window is between May 7, 2027 and May 7, 2032;

b. The Notice of Termination was served on February 24, 2025, a date that is not less than two and not more than ten years from the effective termination date;

c. The effective termination date of December 31, 2027 is within the applicable five-year termination window; and

d. The Notice of Termination references the correct grant date of May 7, 1992.

9. The February 24, 2025 Notice of Termination for the sound recordings "Que Me Entierren En Cantado" and "El Corrido De Badiraguato", with a grant date of May 7, 1992 and an effective termination date of December 31, 2027, is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights conveyed to Plaintiffs pursuant to the 1992 Agreement revert to Defendant as of the effective date because:

a. The effective termination window is between May 7, 2027 and May 7, 2032;

b. The Notice of Termination was served on February 24, 2025, a date that is not less than two and not more than ten years from the effective termination date;

c. The effective termination date of December 31, 2027 is within the applicable five-year termination window; and

d. The Notice of Termination references the correct grant date of May 7, 1992.

10. The February 24, 2025 Notice of Termination for the sound recordings on the album *Las Ultimas Grabaciones* is invalid and ineffective to terminate Plaintiffs' rights because it identifies an incorrect grant date of May 7, 1992 rather than the applicable grant date of January 3, 1992. Based upon the January 3, 1992 grant date, the applicable termination window extends from January 3, 2027 through January 3, 2032. Defendant may serve a notice complying with 17 U.S.C. § 203 and 37 C.F.R. § 201.10 providing an effective termination date within that statutory window. Upon the effective date of a valid notice, all rights conveyed pursuant to the Purchase Agreement and the original grant to Abel Orozco/Linda Records shall revert to Defendant.

11. The February 24, 2025 Notice of Termination for the sound recordings on the album *Hermosisimo Lucero*, subject to the Purchase Agreement, identifies May 7, 1992 as the grant date and also refers to "the alleged undated grants from Abel Orozco-Linda Records." The applicable termination window is January 3, 2027 through January 3, 2032, and the effective termination date of December 31, 2027 falls within that window. The reference to May 7, 1992 as the grant date is a harmless error because the Notice also identifies the Abel Orozco-Linda Records grant and thereby provides sufficient notice of the applicable grant. Accordingly, the Notice is valid under 17 U.S.C. § 203 and 37 C.F.R. § 201.10, and all rights conveyed to Plaintiffs pursuant to the Purchase Agreement and the original grant to Abel Orozco/Linda Records revert to Defendant as of December 31, 2027.

12. No declaration is made concerning the sound recordings "Homenaje Del Polle" and "Inez Calderon," because the Court has found those recordings are not at issue in this action.

13. The termination and reversion of rights ordered in this Judgment are subject to the limitations in 17 U.S.C. § 203(b).

14. Judgment is entered in favor of Plaintiffs on their claim for declaratory relief only insofar as the Court declares the Notices of Termination for the sound recordings on the albums *Corridos Villistas*, *Al Estilo Norteño*, and *Las Ultimas Grabaciones* invalid. Judgment is entered in favor of Plaintiffs on Defendant's request for injunctive relief, for the reasons set forth in the Court's Findings of Fact and Conclusions of Law. The portions of Defendant's counterclaim seeking an accounting, unjust enrichment, and restitution profits were previously stricken.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant shall recover her costs of suit pursuant to Federal Rule of Civil Procedure 54(d)(1).

DATED: October 19, 2026

Percy Anderson
UNITED STATES DISTRICT JUDGE